

NORTH CAROLINA     FILED     IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
GUILFORD COUNTY    2022 MAY 18 A 11: 34    22 CVS 4550

GUILFORD CO., C.S.C.

BY _____

|  |  |
|---|---|
| BOBBY M. CLAY, JR., | ) |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| CITY OF ROCKY MOUNT, | ) |
| Defendant. | ) |

COMES NOW PLAINTIFF, complaining of the acts of Defendant, alleges and says that:

1. That Plaintiff is a citizen and resident of North Carolina.

2. Upon information and belief, Defendant is a municipality organized and existing under and by virtue of the laws of the State of North Carolina. Defendant is an employer within the meaning of Title VII of the Civil Rights Act of 1964, and 1991, as amended, in that it has employed 15 or more employees at all times relevant herein.

3. That, Plaintiff, a Caucasian male, was hired by Defendant on or about 1997 as a detective and received promotions over his tenure with the Defendant. Plaintiff is highly qualified and has served the Defendant in a variety of capacities, with distinction, while so employed. His final position was as a Captain-Division Commander in the Defendant's police department. Moreover, during his employment with Defendant he obtained a Master of Arts in Leadership's degree in 2003 in an effort to expand his skills and professional value to the Defendant.

4. That Plaintiff continued to perform his duties until on or about November 1, 2020 when he was constructively terminated from his position.

### FIRST CAUSE OF ACTION: RACIAL DISCRIMINATION

5. That Plaintiff's duties had expanded over the years but his job opportunities were limited by the policies of racial discrimination instituted by the Defendant.

6. That Plaintiff applied for the position of Chief of Police on or about January 29, 2021. Despite his qualifications for the position, professional recommendation, and experience in the field, Plaintiff was denied even an interview for the position.

7. That upon information and belief, the city manager, Rochelle Small Toney, the recruiting team, and the decision makers for the Chief of Police position were determined to fill the position

with someone of the African American race. Moreover, the African American race of the candidates was more important than their professional qualifications in the selection process.

8. That, upon information and belief, the position was in fact offered to Robert Hassell, African American male, who had less professional credentials and experience than Plaintiff. Further that he accepted the position.

9. That the promotional process within the Defendant organization allowed management personnel to make decisions based upon the improper factor of race rather than professional qualifications.

10. Moreover, upon information and belief, Plaintiff was denied the same professional opportunities for advancement provided to African American workers, subjected to higher standards and requirements with the recruiting team, and otherwise disadvantaged in employment with respect to race and diversity.

11. That at all times relevant herein, Plaintiff's supervisory personnel were agents of the Defendant, duly authorized and acting within the scope of their employment.

12. That as a direct and proximate result of Defendant's conduct, Plaintiff was denied a promotion to the chief of police for the Defendant city in the spring of 2021.

13. Between the relevant periods as alleged above, the Defendant intentionally discriminated against Plaintiff and denied him equal terms and conditions of his employment by utilizing one or more of the following employment practices:

a) By maintaining and employing written and unwritten policies and practices regarding promotions, transfers and other internal hiring practices that allowed managers like Rochelle Small-Toney and human resources personnel to handpick African American candidates over the more qualified Plaintiff and other Caucasian candidates;

b) By selecting African American candidates for interim chiefs of police and chiefs of police positions using an arbitrary and capricious, non-competitive selection process, while requiring Plaintiff and other Caucasian candidates to apply and compete for these positions.

c) By erecting an artificial "glass ceiling" and artificial "glass walls" that prevented the qualified Plaintiff and other qualified Caucasian candidates from advancing to top-level management within the Police Department.

d) By failing to monitor and oversee employment and human resources practices and by failing to provide adequate training and oversight of Rochelle Small Tony, city manager, and the Human Resources Department during the relevant time periods, to ensure that municipal policies were/are applied consistently and in a nondiscriminatory manner.

14. That as a direct and proximate result of the employment practices as alleged above, Plaintiff and other Caucasian candidates were denied the opportunity to advance to the same level and at the same rate as African American employees employed by the Defendant City.

15. That at all times relevant to this lawsuit, Plaintiff was fully qualified for the positions or promotion that he was denied.

16. That the discrimination and retaliation, as alleged above, represents a pattern and practice of intentional, illegal racial discrimination within the Police Department and other departments within the Defendant's organization, and the said discrimination was carried out by employees of the Defendant City using its customs, policies and practices, written and unwritten. For example, despite being the best qualified candidate for the Chief position in 2018, having the endorsement of the interim chief, and applying for the position, receiving the highest scores with the recruiting company hired by Defendant (Development Associates) the position was not filled and George Robinson, an African American male, was appointed interim chief as the search process continued. Further on in the new search process in February, 2019, once again the candidate selected does not meet the posted minimum requirements but George Robinson is appointed and the search process stopped short of completion.

17. That, upon information and belief, the unwritten policies and practices emanating there from, allowed Rochelle Small Toney to handpick African Americana candidates through word of mouth for available positions and make promotion decisions on the basis of subjective criteria. This uncompetitive selection system prevented Plaintiff and other qualified Caucasian candidates from competing equally for positions or even knowing that such positions were available.

18. That in light of the history of discrimination within the City of Rocky Mount, especially within the Police Department and Human Resources, Defendant's governing officials adopted polices with a deliberate indifference to their known or obvious consequences. For example, a fair reading of many policies reveal that the Defendant promulgated policies without incorporating any standards to guard against racial discrimination. The said policies are completely devoid of any administrative restraints that would prevent their misuse for illegal, discriminatory purposes.

19. That based upon the deliberate indifference of the Defendant's governing body in enacting said policies as alleged above, the Defendant's deliberate indifference caused and became the moving force for the discrimination that Plaintiff received at the hands of Rochelle Small Toney and others, and the Defendant is therefore liable as a municipality for said illegal discrimination caused by its employees.

20. That based upon the aforementioned allegations, Defendant has intentionally discriminated against Plaintiff in the terms and conditions of his employment because of his race, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. Defendant's unlawful conduct constitutes a continuing pattern of racial discrimination against the Plaintiff.

21.     That upon information and belief, Defendant has failed to monitor its promotion and evaluation systems for racially discriminatory practices. Moreover, Defendant has failed to respond to Plaintiff's complaints of unequal treatment, and it failed to provide sufficient oversight or training of Rochelle Small Toney. Further, upon information and belief, the Defendant also has not taken appropriate steps to ensure the effective and consistent implementation of nondiscriminatory employment and human resources practices within the Defendant's departments, including the Police Department and Human Resources.

22.     That on or about July 29, 2021, within 180 days of the last discriminatory actions of Defendant, Plaintiff filed a charge in writing with the Equal Employment Opportunity Commission (hereinafter "EEOC") charging Defendant with racial discrimination. More than 180 days have elapsed since Plaintiff filed these charges with the EEOC. On or about January 31, 2022, a right to sue letter on said charge of discrimination was issued by the local office of the EEOC. At this time, Plaintiff has decided to institute a private lawsuit, and is filing same within ninety (90) days of receipt of the EEOC's right to sue letter.

23.     That said failure to promote Plaintiff to chief of police by Defendant based upon his race, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and benefits, reduced retirement benefits, and loss of professional prestige.

## SECOND CAUSE OF ACTION: RETALIATION UNDER SECTION 1981

24.     The allegations set forth in paragraphs 1. through 23. are realleged and incorporated by reference as if fully set forth.

25.     That Plaintiff brought concerns about the racial disparity in promotions to his management team when they failed to hire him as Interim Chief of Police in the fall of 2017. The person hired as Interim Chief was of the African American race.

26.     That Plaintiff brought a charge of discrmination before the EEOC on these concerns as well. Upon completion of the investigation, Plaintiff chose not to litigate the issue in the interest of maintaining his employment with Defendant.

27.     That when the applications for the Chief of Police position opened again in 2018 and 2019, Plaintiff again applied. Once again, he was denied the positions and they were given to persons of the African American race.

28.     That as a direct and proximate result of voicing these concerns, Plaintiff suffered stagnation in the professional opportunities and communication with Defendant's upper management team, and was deprived of a professionally satisfying work environment.

4

29. That finally the retaliatory conduct became more than Plaitniff could withstand. In an effort to save his professional reputationt, Plaintiff saw no option other than to apply for early retirement with the Defendant. The early retirement was effective in November, 2020.

30. That said actions by Defendant's agents acting within the scope of their duties, were taken to create a hostile, retaliatory environment that would lead to the resignation of Plaintiff's employment. Moreover, the conduct would lead any reasonable person to the same action of early retirement taken by Plaintiff.

31. That said conduct of Defendant's agents, acting within the course and scope of their employment, was both racially discriminatory and retaliatory. The retaliation created a hostile working environment for Plaintiff. The conduct of Defendant, as alleged herein, violates Title VII of the Civil Rights Act of 1964, as amended.

32. That said conduct leading to the constructive termination of his employment with Defendant is in violation of the public policy of the State of North Carolina and in violation of 42 U.S.C. §1981 et seq in that Defendant's conduct was done in retaliation for his prior protected activity under Title VII of the Civil Rights Act of 1964, as amended.

33. That Plaintiff believes that the Defendant has violated Title VII in its promotional practices and it was objectively reasonable for him to believe under the totality of the circumstances.

34. Said failure to end the pattern and practice of discrimination and failure to prevent the creation of a retaliatory work environment by Defendant, by and through its duly authorized agents, is the direct and proximate cause of injury to Plaintiff in an amount in excess of $25,000.00 representing lost wages and benefits, reduced retirement benefits, and loss of professional prestige.

### THIRD CAUSE OF ACTION: 42 U.S.C. §1981 VIOLATION

35. The allegations set forth in paragraphs 1. through 34. are realleged and incorporated by reference as if fully set forth.

36. That the Defendant's conduct has intentionally discriminated against Plaintiff in violation of Section 1981 by denying Plaintiff the right to make and enforce his employment contract on the same terms and conditions as African American employees who were/are similarly situated.

37. That the Defendant has a pattern and practice of excluding Caucasians from the police chief positions, both interim and permanent (Charles Williams, Caucasian served as interim for only a few weeks before being replaced by an African American employee). Since the retirement of Chief Moore in January of 2017, Defendant has consistently appointed and hired African American males in the positions of interim and permanent chiefs of police. The persons hired were Willie R. Williams, then George Robinson, and Robert Hassell.

5

38. That as a direct and proximate result of Defendant's unlawful discrimination in violation of 42 U.S.C. § 1981, Plaintiff has suffered substantial damages in the form of humiliation, embarrassment, loss of employment opportunities and advancement, loss of earnings, loss of employment and retirement benefits, and other intangible damages, in an amount in excess of $25,000.00.

## FOURTH CAUSE OF ACTION: NEGLIGENT RETENTION

39. The allegations set forth in paragraphs 1. through 38. are realleged and incorporated by reference as if fully set forth.

40. That at all times relevant herein, the Defendant was aware of the conduct of its employees, including Rochelle Small Toney and accepted or acquiesced in the manner in which they performed their duties.

41. That the Defendant employed Rochelle Small Toney as its agent and was responsible for her conduct via respondeat superior. Further, at all times relevant herein, she was working within the scope of her duties as City manager.

42. That the Defendant was negligent in the supervision and retention of Rochelle Small toney and staff in the Human Resources department in the following ways:

    a. It failed to adopt and/or properly implement and enforce appropriate city policies regarding training and on site supervision of employees;

    b. It failed to properly train and supervise her and other Human Resource personnel in the performance of their duties;

    c. It failed to properly train them in the proper recruiting and selection methods to comply with federal law;

    d. It failed to properly supervise their conduct with respect to the Plaintiff;

    e. With ordinary care or supervision, it would have obtained actual or constructive notice of their lack of fitness and skill for their positions;

    f. It continued to retain their services even when it knew they discriminated and retaliated against Plaintiff and did not properly respond to the inquiries about the selection processes; and

    g. Such other ways as may be proven at trial.

43. That as a direct and proximate result of said conduct, undertaken with a reckless disregard for the anti-discrimination laws, Plaintiff has been damaged in an amount in excess of $25,000.00

6

as described above. Moreover, upon information and belief, the Defendant has purchased insurance or has joined an insurance risk pool to compensate persons for damages associated with negligent conduct of its employees in the performance of their duties.

WHEREFORE, Plaintiff prays the Court as follows:

1. That Defendant be ordered to cease all discrimination and retaliation in the workplace;

2. That Defendant be ordered to re-hire and promote Plaintiff, with back pay and benefits;

3. That he recover judgment against Defendant in an amount in excess of $25,000.00 as compensatory damages;

4. That he recover the costs of this action, including reasonable attorney's fees; and

5. That the Court enter preliminary and permanent relief enjoining the discriminatory conduct necessary to end Defendant's discriminatory practices and prevent current and future harm to Plaintiff and similar employees;

6. For such other and further relief as to the Court may seem just and proper.

Nancy P. Quinn,
Attorney for Plaintiff
315 Spring Garden St., Suite 1D
Greensboro, NC 27401
Telephone: (336) 272-9072

7